## In re Appeal of Societa' Di Mutuo Soccorso San Rocco

*Louis J. Soligon*, for appellant.

*J. Myron Shimer*, for Pennsylvania Liquor Control Board.

KUN, J., June 6, 1941.—The above-named society appealed from the order of the Pennsylvania Liquor Con-

trol Board refusing its application for a club liquor license.

Under section 2 of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1002, liquor licenses are limited to one for each 1,000 inhabitants in the community "exclusive of licenses granted to hotels, as defined in this act, and clubs . . ." The section gives the right to the Liquor Control Board to renew or transfer existing retail licenses of any class, notwithstanding that the number of such licensed places exceeds the limitation referred to. However, the section concludes with the prohibition, ". . . but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded." The board has filed a certificate with the court that the population of the City of Philadelphia as determined by the 1940 United States Decennial Census was 1,931,334; that the number of licenses permissible under the act was 1,932, but there are 2,787 licenses in effect. It was on this ground that the application was refused. The question raised turns on the validity and enforcibility of the provision limiting the granting of new licenses.

Appellant contends that, since the act of assembly did not itself provide the manner or method for the determination of the population, there is no legal way of doing it and the act cannot be enforced. The contention is entirely without merit. The universally recognized method of determining population is by official census and, in the absence of any provision in the act for determining it otherwise, the board very properly used the figures of the 1940 United States Decennial Census as the basis for administering the act.

The other contention of appellant is equally without merit. Appellant contends that, inasmuch as it is a society or club, it is not subject to the general limitation in the act, which must be so construed as to exclude

clubs as well as hotels, not only in the determination of the quota of licenses permissible, but "clubs" must also be excluded in considering the prohibitory clause cited relating to the issuance of new licenses.

Appellant has strongly urged upon us that its contention is supported by the legislative history of the act. In the body of section 2 of the Liquor License Quota Act, following the phrase "No licenses shall hereafter be granted . . . in excess of one of such licenses, of any class, for each one thousand inhabitants . . . exclusive of licenses granted to hotels, as defined in this act, . . . " there were added the words "and clubs" by the conference committee. It seems to us that the only effect of inserting the words "and clubs" at the place indicated was to exclude club licenses as well as hotel licenses in determining whether the quota for any municipality had been filled. Whatever the effect of that provision may be in the matter of the determination of the number of existing licenses, it is the concluding provision of the section which is controlling, so far as appellant's application is concerned, which is for a new license. Even though there might be some inconsistency between the two provisions (which we do not concede), it is the later expression of the legislature which must be given effect and that is that "no new license except for hotels, as defined in this act, shall be granted so long as said limitation [no more than one license for each thousand of population] is exceeded." The court is without power to add in this prohibitory provision the words "and clubs" after the word "hotels" so that new club licenses may be issued, as well as new hotel licenses, without regard to the prohibitory provision. The court has no power so to interpret a statute. We may observe in passing that there is a perfectly intelligent basis for the provision that club licenses, as well as hotel licenses, be excluded in determining the quota of licenses permissible in the community, but the latter only are to be excluded in ascer-

taining the number of new licenses to be issued. There is a sound basis for treating these two kinds of licenses differently on the grounds of public policy. The number of hotel licenses will always limit themselves by the number of hotels that can profitably be operated in a community. In other words, they would be limited by economic forces. However, there is no such self-operating limitation on clubs or societies. Insofar as new licenses are concerned, there is no reason why, if individuals can no longer get licenses because the quota for them provided by law has been filled, groups of individuals on forming a club or society should be able to get them without limitation. That would defeat the purpose of the legislation to limit the granting of liquor licenses. We do not read the history of the legislation as indicating a contrary intent; but even if it did, the court would be without power to alter the language of the act as passed by the legislature. If, as is urged upon us, an error was made, it cannot be corrected by judicial action. If correction is desired to accord with the supposed views of some legislators, it is a matter exclusively for them to determine by appropriate legislation.

Our view of the matter is in accord with the language of President Judge Keller in Spankard's Liquor License Case, 138 Pa. Superior Ct. 251; the opinion of the Attorney General in Club Liquor License Quota, 36 D. & C. 225; the decision of President Judge Knight of Montgomery County in Pottstown Veterans Association License, 36 D. & C. 593; the decision of President Judge Sherwood of York County in Seagrave Social Club's License, 37 D. & C. 575; the decision of President Judge Keller of Bucks County in Appeal of Recreation Center Solidarity, Inc., September term, 1939, no. 25, not reported; the decision of Judge Sloane of Court of Common Pleas No. 7 of Philadelphia County in Appeal of Societa' Di Mutuo Soccorso San Rocco, misc. liquor docket, no. 682, not reported; the decision of Judge

Laird of Westmoreland County in Appeal of Arnold Post 684, November term, 1939, no. 17, not reported; and the decision of Judge Sheeley, President Judge of the Fifty-first Judicial District, specially presiding in the Court of Quarter Sessions of Dauphin County, in Appeal of the Country Club of Harrisburg, January sessions, 1941, no. 342.

Since the population of Philadelphia, as the certificate of the Liquor Control Board shows, was, according to the 1940 United States Decennial Census, 1,931,334, making the quota of licenses permissible under the act no more than 1,932, and there were 2,787 licenses in effect, no new licenses except for hotels as defined in the act may be issued so long as the limitation provided in the act of one license for each 1,000 inhabitants is exceeded. Accordingly, the order of the Liquor Control Board refusing to grant appellant a club liquor license must be sustained.

And now, June 6, 1941, it is ordered and decreed that the order of the Pennsylvania Liquor Control Board refusing to grant a club liquor license to appellant, Societa' Di Mutuo Soccorso San Rocco, is sustained and the above appeal is dismissed at the cost of appellant.